UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Joseph Dominick Tumminello,<br><br>              Plaintiff<br><br>v.<br><br>Capstone On-Campus Management, LLC, et al.,<br><br>              Defendants | Case No. 2:25-cv-01740-CDS-NJK<br><br>**Order Denying Plaintiff's Emergency Motions for Temporary Restraining Order and Preliminary Injunction**<br><br>[ECF Nos. 4, 5] |

       Plaintiff Joseph Dominick Tumminello brings this housing-discrimination suit against Capstone On-Campus Management, The Village (Nevada State Student Housing), The Public Finance Authority, The Board of Regents, and The Nevada System of Higher Education, alleging that he was evicted from his student housing because he has a service dog. *See* Compl., ECF No. 1-1; Am. Compl., ECF No. 11.[1] Tumminello asserts claims under the Fair Housing Act, the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and related provisions of the Nevada Revised Statutes (NRS). ECF No. 11 at 1–2.

       Tumminello alleges that despite having physician authorization and registration showing that his dog is a verified service animal, Capstone evicted him in April 2025, and he was forcibly removed in May. *Id.* at 3–5. On September 3, 2025, The Village "issued a Financial Move-Out Statement demanding $7,519.00" in disputed charges and fines and threatened to send the disputed balance to collections. *Id.* at 5.

       Tumminello now moves, on an emergency basis, for a temporary-restraining order and preliminary injunction prohibiting the defendants, "their agents, and collection agencies from collecting, transferring, or reporting as delinquent the disputed charges in the Financial Move-

---

[1] I note that the documents filed by plaintiff are not searchable. All documents filed must comply with Local Rule IA 10-1 (b).

Out Statement. Emergency Mot., *See* ECF No. 4 at 4.[2] He also asks the court to "prohibit defendants from engaging in further retaliation, discrimination, or eviction actions against" him and "require defendants to recognize [his] documented service-animal accommodation." *Id.*

I.  **Legal standard**

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (quoting *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted)). The Supreme Court has explained that to obtain an injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The Ninth Circuit uses a "'sliding scale' approach to preliminary injunctions." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under that approach, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Fraihat*, 16 F.4th at 636 (quoting *All. for the Wild Rockies*, 632 F.3d at 1135) (citation modified).

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to

---

[2] I note that the temporary restraining order and preliminary injunction motion are identical. But Tumminello's filings, seeking two forms of relief, are correctly docketed as separate entries. *See* ECF No. 4; ECF No. 5. For ease of reference, I refer to ECF No. 4 throughout the order.

succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 at 20 (citations omitted); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions "substantially identical").

II.   Discussion

    **A. Tumminello has not complied with this court's rules governing emergency motions.**

The filing of emergency motions is disfavored and should be confined to "the most limited circumstances." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1141 (D. Nev. 2015). Emergency motions burden both the parties and the court, requiring each to "abandon other matters to focus on the pending 'emergency.'" *Id.* When a party files a motion on an emergency basis, it is within the sole discretion of the court to determine whether any such matter is, in fact, an emergency. Local Rule 7-4(c).

Generally, an emergency motion is properly presented only when the movant has shown: (1) the movant will be irreparably prejudiced if the court resolves the motion under the normal briefing schedule; and (2) the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 141 F. Supp. 3d at 1142 (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). If there is no irreparable prejudice, then no sufficient justification for bypassing the default briefing schedule exists and the motion may be properly decided on a non-expedited basis. *Id.* at 1142–43.

The court has the discretion to strike the emergency designation of a pleading, and the pleading filed with the court must comply with the local rule. The local rules require that all emergency motions "be accompanied by a declaration setting forth: (1) the nature of the emergency; (2) the office addresses and telephone numbers of movant and all affected parties;

and (3) a statement of movant certifying that" the parties have met and conferred but could not "resolve the matter without court action." *See* LR 7-4(a) (cleaned up). Further, "[i]f the nature of the emergency precludes a meet and confer, the statement must include a detailed description of the emergency, so the court can evaluate whether a meet and confer truly was precluded." *See id.* Tumminello did not comply with any of these requirements before filing his ***emergency*** temporary restraining order and his preliminary injunction motions. *See* ECF No. 4. I find that Tumminello has not provided this court with sufficient information to make a determination as to the emergency designation and he failed to comply with Local Rule 7-4(a).[3] Therefore, I strike the emergency designation as to both of the plaintiff's motions. While failing to comply with the rules is reason to deny Tumminello's motions, I nonetheless resolve them on their merits.

      **B.  Tumminello has not shown a likelihood of success on the merits or irreparable harm.**

Tumminello brings discrimination and retaliation claims under the Fair Housing Act, a discrimination claim under the Americans with Disabilities Act, a claim for failure to provide reasonable accommodations under Section 504 of the Rehabilitation Act, and corresponding claims under the NRS. ECF No. 11. However, to state a claim under any of those statutes, the plaintiff must allege facts demonstrating that he suffers from a disability as defined by those statues. *See, e.g., McGary v. City of Portland*, 386 F.3d 1259, 1262 (9th Cir. 2004) (stating elements for an FHA claim based on failure to provide reasonable accommodations to individuals with disabilities); *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1212 (9th Cir. 2020) (reciting elements of an ADA accommodations claim and claims under § 504 of the Rehabilitation Act).

---

[3] Tumminello is not held to the same standard as an admitted attorney because he is representing himself pro se. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). A pro se litigant's filings are to be judged by their function, with liberal construction of "inartful pleading[s]." *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Nonetheless, a pro se litigant must comply with Rules of Procedure, Evidence, and the Local Rules. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

While Tumminello alleges that he has a service animal, he has failed to allege any facts demonstrating that he has a disability that provides him with protections under those statutes. Without that threshold allegation, I cannot conclude that Tumminello is likely to succeed on the merits of his claims. Though he cites to several documents in his complaint that he says support his factual allegations, he fails to attach any of them. A properly supported temporary restraining order or preliminary injunction should explain why the facts are likely to satisfy each required element of the claim that the plaintiff relies on for relief. Upon reviewing the motion filed by plaintiff, he does not satisfy his burden to show that he is entitled to relief.

Moreover, Tumminello has not shown that he is facing irreparable harm. In his pleading, he states that The Village has threatened to send his bill to collections and argues that "if collections proceed, [he] faces credit damage, housing instability, and continued retaliation, which cannot be remedied solely through monetary damages." ECF No. 4 at 4. However, a plaintiff has a burden of showing that the harm he faces is imminent, not "conjectural or hypothetical." *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1160 (9th Cir. 2011); *see also Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (holding that a plaintiff must "demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief"). I find that Tumminello's allegations do not support a finding that he is facing an imminent harm, and the harm alleged appears hypothetical. So I deny his motions for a temporary restraining order and preliminary injunction.

Lastly, I note that the plaintiff is advised that because he is seeking to proceed in this case without paying a filing fee, his request to proceed without payment must be decided, and his complaint must be screened by a magistrate judge before the court will permit service to be effectuated on the defendants. *See* 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (noting that "section 1915(e) applies to all" complaints that seek to proceed without paying the filing fee, "not just those filed by prisoners").

III.     Conclusion

IT IS THEREFORE ORDERED that Tumminello's motions for a temporary restraining order [ECF No. 4] and preliminary injunction [ECF No. 5] are DENIED and the emergency designation on both motions is STRICKEN.

Dated: September 22, 2025

_____
Cristina D. Silva
United States District Judge