# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Joseph Dominick Tumminello,<br>  Plaintiff(s),<br>v.<br>Capstone on Campus Management, et al.,<br>  Defendant(s). | Case No. 2:25-cv-01740-APG-NJK<br><br>**ORDER** |

  Concurrently herewith, the Court is granting Plaintiff's application to proceed *in forma pauperis*. Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the

1

complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Pursuant to Rule 8, litigants are required to provide a short, plain statement of their claims setting forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Courts routinely reject so-called "shotgun pleadings" in which causes of action are predicated on vague reference to the earlier factual allegations. *See, e.g.*, *Lopez v. Iaela-Tokugawa*, 2025 WL 3164232, at *2 (D. Nev. Aug. 6, 2025), *adopted*, 2025 WL 3162016 (D. Nev. Nov. 10, 2025). Although the pleadings of *pro se* litigants are construed liberally, they must still comply with this requirement. *E.g.*, *Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014). When litigants have not complied with the dictates of Rule 8(a), courts may dismiss the complaint *sua sponte*. *See, e.g.*, *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1000 (E.D. Cal. 2022) (collecting cases).

As a threshold matter, the Court notes that Plaintiff has now filed four complaints in this action. *See* Docket Nos. 1-1, 11, 22, 23. The Court screens the most recent complaint. Although captioned as the "First Amended Complaint," Docket No. 23 at 1, the Court will refer to that pleading herein as the third amended complaint given the procedural history.

The third amended complaint fails to comply with Rule 8. The third amended complaint identifies the parties, including five different defendants. *See* Docket No. 23 at ¶¶ 4-9. The third amended complaint then provides the following factual "background":

> Plaintiff lawfully resides at The Village and has a registered service animal recognized through the university's Disability Resource Center.

> Despite this, Plaintiff was improperly fined and threatened with eviction due to the presence of his service animal.
>
> Defendants assessed approximately $1,800 in fines and attempted to remove Plaintiff despite clear financial records showing rent was paid directly via financial aid.
>
> Plaintiff contends that these actions constitute discrimination and violation of federal and state protections for individuals with disabilities.

*Id.* at ¶¶ 10-13. The third amended complaint then lists (without explanation) three causes of action. *See id.* at p. 3. The third amended complaint then requests significant relief, including $500,000 in damages. *See id.*

In this case, the third amended complaint provides no explanation as to the basis for each of Plaintiff's three causes of action. Courts routinely dismiss on Rule 8 grounds so-called shotgun pleadings that provide factual allegations and then simply identify causes of action brought based on the earlier allegations. *See, e.g.*, *Apothio*, 599 F. Supp. 3d at 1000. Moreover and significantly, the third amended complaint does not identify which defendant is being sued for which cause of action. Simply lumping together different defendants is impermissible. *See, e.g.*, *Cai v. Enterprise Leasing Co.-W. LLC*, 2024 WL 810885, at *2 (D. Nev. Feb. 27, 2024) (collecting cases). In short, the third amended complaint does not set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. In addition, the factual allegations are insufficient. In denying Plaintiff's requests for emergency injunctive relief, the Court previously noted a failure to "allege any facts demonstrating that [Plaintiff] has a disability that provides him with protections under [the cited] statutes." Docket No. 13 at 5. While the third amended complaint alleges that Plaintiff has a registered service animal recognized by the university's Disability Resource Center, Docket No. 23 at 2, the third amended complaint does not allege facts demonstrating that Plaintiff has a disability or that he is otherwise entitled to protections for housing under the identified statutes based on recognition of his service animal by the Disability Resource Center.

Given the above shortcomings, the third amended complaint does not comply with Rule 8 and is subject to dismissal on that ground. Plaintiff will be provided leave to amend, however, to address the deficiencies identified herein.

1   Accordingly, **IT IS ORDERED** that Plaintiff's third amended complaint is **DISMISSED** with leave to amend. Plaintiff will have until **January 30, 2026**, to file a fourth amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to file a fourth amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: January 9, 2026

_____
Nancy J. Koppe
United States Magistrate Judge