**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Joseph Dominick Tumminello, | Case No. 2:25-cv-01740-APG-NJK |
| Plaintiff(s), | **Report and Recommendation** |
| v. | |
| Capstone On-Campus Management, LLC, et al., | |
| Defendant(s). | |

Plaintiff brings this case arising from allegations that he was wrongfully subject to fines and eviction proceedings from student housing based on his alleged violation of a pet policy, while Plaintiff contends that he has a service animal used to accommodate a disability. Pending before the Court is Plaintiff's fourth amended complaint, which is brought against Capstone On-Campus Management ("Capstone"), The Village at Nevada State University ("The Village"), Nevada State University ("NSU"), and the Regents of the Nevada System of Higher Education ("Board of Regents"). Docket No. 30.

**I.    BACKGROUND**

Plaintiff began as a full-time student at NSU in January 2024, at which time he registered with the Disability Resource Center in connection with a disability and related accommodations.[1] Plaintiff relies on a service animal, Lola, to mitigate functional limitations caused by Plaintiff's disability. Throughout the spring and summer of 2024, Plaintiff attended NSU classes with Lola without incident. In August 2024, Plaintiff moved into on-campus housing known as "The Village." The Village is operated and managed by Capstone pursuant to agreements with NSU and the Board of Regents. Lola joined Plaintiff in The Village. In October 2024, Capstone issued lease violations and fines against Plaintiff, characterizing Lola as an unauthorized animal on the

---

[1] This background recites the allegations in the fourth amended complaint and does not convey any factual finding by the Court.

1

property.  On December 9, 2024, Capstone issued additional fines on the basis that Lola was "not approved" and was "aggressive."  Capstone did not allow an opportunity for Plaintiff to cure the violations and did not engage in the interactive process before imposing the fines.

At an unspecified date in December 2024, Plaintiff submitted paperwork to the Disability Resource Center regarding a service animal.  The records of the Disability Resource Center did not reflect Plaintiff's service-animal submission until an unspecified date "months later."

In March 2025, Capstone imposed additional fines for the "unauthorized animal" and incorporated the fines into the housing ledger, treating them as lease defaults.  Capstone then initiated eviction proceedings based both on the animal-related lease violations and non-payment the accumulated fines.  Plaintiff ultimately vacated his housing at The Village.

**II.      STANDARDS**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A properly pled complaint must provide "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Courts must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.  "The plausibility standard is not akin to a probability

2

requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted).  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010).

A properly pled complaint must provide a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555.  As noted above, Rule 8 demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.  Litigants must set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).  Litigants cannot file "shotgun pleadings" in which they raise factual allegations without connecting them to particular defendants and particular causes of action. *See, e.g.*, *Gibson v. City of Portland*, 165 F.4th 1265, 1287-90 (9th Cir. 2026) ("It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts").  Although the pleadings of *pro se* litigants are construed liberally, they must still comply with Rule 8. *E.g.*, *Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014).  Dismissal is warranted when a complaint fails to comply with Rule 8. *See, e.g.*, *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1000 (E.D. Cal. 2022) (collecting cases).

When a court dismisses a complaint under Section 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  Although there is a liberal policy in favor of allowing amendment, such relief is not to be granted automatically. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990).  "[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobile Oil Co.*, 866

F.2d 1149, 1160 (9th Cir. 1989)); *see also, e.g.*, *Gibson*, 165 F.4th at 1290 (explaining that when a court has determined that a complaint fails to comply with Rule 8, it "should not hesitate to afford such parties *one last* opportunity" to comply (emphasis added)).

**III.   ANALYSIS**

A.   Failure to Accommodate—Fair Housing Act

Plaintiff's fourth amended complaint alleges that Defendants Capstone and The Village failed to accommodate him in violation of 42 U.S.C. § 3604(f)(3)(B).  Docket No. 30 at ¶¶ 54-64.  To state this claim, a plaintiff must allege facts showing that (1) he suffers from a handicap under the statute; (2) defendants knew or reasonably should have known of the handicap; (3) accommodation of the handicap may be necessary to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendants refused to make such accommodation.  *Giebeler v. M & B Assoc.,* 343 F.3d 1143, 1147 (9th Cir.2003).

The fourth amended complaint fails to state a claim for failure to accommodate under the Fair Housing Act.  As a threshold matter, the fourth amended complaint alleges as to The Village only that it is a "housing provider" and "exercised control over plaintiff's dwelling and tenancy."  Docket No. 30 at ¶ 57.  The fourth amended complaint does not include factual allegations as to how The Village failed to reasonably accommodate Plaintiff.  The allegations as to Capstone also fail to state a claim.  *See id.* at ¶¶ 59-64.  First, the fourth amended complaint alleges repeatedly that Plaintiff is "disabled," but he has not alleged facts supporting that conclusion.  *Cf. Webster v. Advanced Mgmt. Grp. of Nev., LLC*, 2011 WL 3300196, at *2 (D. Nev. Aug. 1, 2011).[2]  Second, the fourth amended complaint does not allege that Capstone knew or reasonably should have known of any disability.  Plaintiff does not allege, most basically, that he actually informed Capstone of any disability.  Plaintiff alleges instead that, months after adverse action began to be taken against him by Capstone, Plaintiff submitted service-animal paperwork to NSU's Disability Resource Center.  *See* Docket No. 30 at ¶ 41 (alleging adverse actions beginning in October 2024);

---

[2] A "handicap" is "a physical or mental impairment which substantially limits one or more of such person's major life activities."  42 U.S.C. § 3602(h)(1).  Although this Fair Housing Act uses the terms "handicap" or "handicapped," the meaning is identical to "disability" or "disabled." *McGary v. City of Portland*, 386 F.3d 1259, 1261 n.2 (9th Cir. 2004).

*id.* at ¶ 39 (alleging the submission of a service animal request to the Disability Resource Center made in December 2024).  Plaintiff does not allege facts showing that information submitted to the Disability Resource Center was known or should have been known to Capstone.  Plaintiff does not even allege that the Disability Resource Center records reflected his submission prior to his eviction proceedings.  *See id.* at ¶ 40 (indicating that the Disability Resource Center records did not reflect his service-animal submission from December 2024 "until months later").  Third, although Plaintiff alleges that Lola acted as a service animal, the fourth amended complaint does not allege facts showing that having an accommodation for a service animal may be necessary to afford Plaintiff an equal opportunity to use and enjoy the dwelling.  Fourth and lastly, Plaintiff has not alleged that he sought an accommodation from Capstone or that it refused to provide one.

The fourth amended complaint fails to state a plausible claim for failure to reasonably accommodate under the Fair Housing Act.

### B.    Retaliation and Interference—Fair Housing Act

Plaintiff's fourth amended complaint alleges that Defendants Capstone and The Village retaliated and interfered based on Plaintiff's protected activity in violation of 42 U.S.C. § 3617.  Docket No. 30 at ¶¶ 65-70.  To state this claim, a plaintiff must allege facts showing that (1) he was engaged in protected activity; (2) he suffered an adverse action; and (3) there was a causal link between the two.  *See Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir.2001).

The fourth amended complaint fails to state a claim for retaliation or interference under the Fair Housing Act.  As a threshold matter, the Court notes again that the fourth amended complaint alleges as to The Village only that it is a "housing provider" and "exercised control over plaintiff's dwelling and tenancy."  Docket No. 30 at ¶ 57.  The fourth amended complaint does not include factual allegations as to how The Village retaliated or interfered with Plaintiff's rights under the Fair Housing Act.  The allegations as to Capstone also fail to state a claim.  As explained above, Plaintiff does not allege that he sought an accommodation from Capstone or that Capstone knew or should have known of any accommodation that was requested from the Disability Resource Center.  Without that most basic allegation, the fourth amended complaint fails to allege causation.  Moreover and significantly, Plaintiff alleges that Capstone took adverse action for having Lola in

the housing *months before* Plaintiff apparently submitted paperwork to the Disability Resource Center. *See* Docket No. 30 at ¶ 41 (alleging adverse actions beginning in October 2024); *id.* at ¶ 39 (alleging the submission of a service animal request to the disability resource center made in December 2024). Plaintiff does not even allege that the Disability Resource Center records reflected his service-animal submission prior to his eviction proceedings. *See id.* at ¶ 40 (indicating that the Disability Resource Center records did not reflect his service-animal submission from December 2024 "until months later"). While Plaintiff alleges in generic fashion that the enforcement actions escalated after he asserted accommodation rights, *see id* at ¶ 68, he does not allege with any factual specificity why the escalation stemmed from his accommodation request rather than the snowballing of the pre-existing enforcement actions.

The fourth amended complaint fails to state a plausible claim for retaliation or interference under the Fair Housing Act.

### C.      Discrimination—Rehabilitation Act

Plaintiff's fourth amended complaint alleges that Defendants NSU and the Board of Regents failed to reasonably accommodate in violation of 29 U.S.C. § 794. Docket No. 30 at ¶¶ 71-75. To state this claim, a plaintiff must allege facts showing that (1) he is disabled; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance. *O'Guinn v. Lovelock Corr. Cntr.*, 502 F.3d 1056, 1060 (9th Cir. 2007).

The fourth amended complaint fails to state a claim under the Rehabilitation Act. Most fundamentally as discussed above, Plaintiff has not alleged facts showing that he is disabled. His conclusory statements of disability are not sufficient to state a plausible claim. In addition, Plaintiff has not alleged that he was denied benefits because of his disability.

The fourth amended complaint fails to state a plausible claim under the Rehabilitation Act.

### D.      Leave to Amend

Having found that the fourth amended complaint fails to state a plausible claim, the Court turns to whether further leave to amend should be afforded. The deficiencies identified above are some of the most fundamental elements for the types of claims involved, including alleging facts

showing a disability.  Plaintiff has already been alerted to these shortcomings two times, first by the previously assigned district judge, Docket No. 13 at 4-5 (citing governing case law and explaining that, "[w]hile Tumminello alleges that he has a service animal, he has failed to allege any facts demonstrating that he has a disability that provides him with protections under those statutes"), and then by the undersigned after Plaintiff had thereafter amended his complaint, Docket No. 29 at 2-3 (explaining that the third amended complaint "does not allege facts demonstrating that Plaintiff has a disability or that he is otherwise entitled to protections for housing under the identified statutes based on recognition of his service animal by the Disability Resource Center").  Despite multiple orders regarding the failure to bring forward the "threshold allegation[s]" for his claims, Docket No. 13 at 5, Plaintiff's fourth amended complaint still fails from the outset.  Given the circumstances, further leave to amend is not warranted.  *See San Pedro Boat Works*, 635 F.3d at 454.

**IV.    CONCLUSION**

For the reasons discussed above, the undersigned **RECOMMENDS** that this case be **DISMISSED** with prejudice.

Dated: May 15, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

**<u>NOTICE</u>**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).